**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PAULETTE BROOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-1089-WEB |
| ) | |
| **LYON COUNTY BOARD OF** ) | |
| **COUNTY COMMISSIONERS and** ) | |
| **DOES 1 thru 50, individually and** ) | |
| **in their official capacity as** ) | |
| **representative of the Lyon County** ) | |
| **Adult Detention Center,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend her complaint to (1) withdraw her wrongful death claim, (2) replace unknown defendants with named defendants, and (3) clarify the causes of action. (Doc. 32). Defendants do not oppose the proposed amendment to the extent it withdraws the wrongful death claim and corrects the date of her incarceration (April 26, 2004 rather than "early 2005"). However, defendants oppose plaintiff's request to replace the "Doe" defendants with named individuals because the amendment would be futile. For the reasons set forth below, the motion to amend shall be

GRANTED.[1]

## Background

Highly summarized, plaintiff alleges that she suffered a miscarriage while confined in the Lyon County Detention Center and that the correction officers taunted her and refused to provide timely medical care. Her claims include: (1) constitutional violations under 42 U.S.C. § 1983, (2) intentional infliction of emotional distress, and (3) negligence.[2]

## Analysis

The standard for permitting a party to amend her complaint is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[3] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather

---

[1] Also pending before the court is defendants' motion for judgment on the pleadings or to dismiss. (Doc. 21). Because the motion to amend is granted, defendants' dispositive motion is MOOT.

[2] As noted above, plaintiff is withdrawing her claim for wrongful death.

[3] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendants contend that plaintiff's motion to substitute four named individuals for the "Doe" defendants is futile because the claims against the individuals are barred by the applicable statute of limitations.[4] Specifically, defendants argue that plaintiff now admits that her incarceration occurred on **April 26, 2004**. Because plaintiff did not sue "Does 1 thru 50" until **July 3, 2006**, defendants contend that the claims against Herzog, Brooks, Risley and Morgan are barred by the applicable statute of limitations.[5] Plaintiff counters that the amendment is not futile because the statute of limitations should be equitably tolled because (1) the county "concealed the names of the individuals involved when it received notice of the action" and (2) "plaintiff, with due diligence, could not uncover who shared responsibility for her injuries without the benefit of discovery."[6] Defendants dispute

---

[4] The proposed amendment seeks to substitute the following four individuals as defendants in their individual and official capacity for the "Doe" defendants: Michelle Herzog, Roger Brooks, Tammy Risley, and Penny Morgan.

[5] Defendant asserts that the applicable statute of limitations for plaintiff's negligence and intentional infliction of emotional distress claims is two years, K.S.A. § 60-513(a)(4), and that the statute of limitations for her § 1983 claim is also two years. Baker v. Bd. of Regents, 991 F.2d 628, 630. (10th Cir. 1993).

[6] Plaintiff's reply brief incorporates the arguments made in her response to defendants' motion to dismiss.

plaintiff's assertion that identities were concealed or that plaintiff exercised due diligence before the statute of limitations expired.[7]

Unfortunately, in the context of a motion to amend, the court is unable to resolve the factual disputes concerning concealment and due diligence.  Because the court cannot conclude with legal certainty that the amendment is futile, the motion to amend shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 32)** is **GRANTED.**  Plaintiff shall file and serve her amended complaint on or before **March 2, 2007.**  The parties shall confer and submit a revised planning report on or before **March 9, 2007.**

**IT IS FURTHER ORDERED** that defendants' motion for judgment on the pleadings or to dismiss **(Doc. 21)** is **MOOT.**  Defendants are granted leave to refile their motion concerning the statute of limitations in summary judgment format.  Any factual allegations concerning concealment and/or due diligence shall be fully supported as required by Fed. R. Civ. P. 56 and D. Kan. Rule 56.1.

---

[7] For example, defendants argue that plaintiff's deposition reveals that one of the correctional officers is her uncle; therefore, plaintiff cannot claim that she was unaware of the identity of the individuals whom she now designates as defendants.  The reference to deposition testimony raises factual matters beyond the pleadings.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 21st day of February 2007.

                                                  S/ Karen M. Humphreys
                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge