# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAULETTE BROOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-1089-WEB |
| ) | |
| **LYON COUNTY BOARD OF** ) | |
| **COUNTY COMMISSIONERS and** ) | |
| **DOES 1 thru 50, individually and** ) | |
| **in their official capacity as** ) | |
| **representative of the Lyon County** ) | |
| **Adult Detention Center,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Motion to Substitute Parties and File Complaint Instanter." (Doc. 51). Defendants oppose the motion. For the reasons set forth below, the motion shall be DENIED. Because of the unusual nature of this motion, a recitation of events leading to this motion is necessary for context.

## Background

Highly summarized, plaintiff alleges that she suffered a miscarriage while confined in the Lyon County Detention Center and that correction officers taunted her and refused to provide timely medical care. Her claims include: (1) constitutional violations under 42

U.S.C. § 1983, (2) intentional infliction of emotional distress, and (3) negligence.

Plaintiff filed her original complaint against a single defendant, "Lyon County," on April 8, 2006 and alleged that the events related to this lawsuit occurred "in early 2005." The original complaint was not served and plaintiff subsequently filed an amended complaint on July 3, 2006 adding "Does 1 thru 50, individually and in their official capacity as representatives of Lyon County Adult Detention Center." The first amended complaint and summons were served on July 6, 2006 and "Lyon County and Does 1 through 50" filed an answer asserting numerous legal and factual defenses.[1]  (Doc. 7).

The Scheduling Order established a September 30, 2006 deadline for amending the complaint or adding parties. (Doc. 14). Consistent with the Scheduling Order, plaintiff filed a second amended complaint on September 20. Defendant "Does 1 through 50" then moved to dismiss, arguing that the statute of limitations barred the claims asserted against them. In response to the motion, plaintiff argued that defendants concealed the identity of the "Does" and that "plaintiff, with due diligence, could not uncover who shared responsibility for her injuries without the benefit of discovery."

While the motion to dismiss was pending, discovery proceeded and plaintiff again moved to amend her complaint on December 29, 2006 to: (1) withdraw her wrongful death claim, (2) correct the date of plaintiff's incarceration and related events to April 26, 2004, and (3) replace the "unknown defendants" with Michelle Herzog, Roger Brooks, Tammy

---

[1] In addition to legal defenses, defendants asserted that the events giving rise to this lawsuit occurred on or about April 26, 2004, rather than "early 2005."

Risley, and Penny Morgan.[2] Defendants opposed the addition of the four named defendants, arguing that the amendment would be futile for the same statute of limitations reasons set forth in their motion to dismiss.[3] Because defendants' statute of limitations defense and plaintiff's tolling arguments raised factual issues beyond the pleadings, the court overruled defendants' futility argument and granted plaintiff's motion to amend.[4] Plaintiff was ordered to file her amended complaint on or before March 2, 2007.[5] Memorandum and Order, filed February 21, 2007, Doc. 49.

**Motion to Substitute Parties and File Complaint Instanter**

On February 27, 2006, plaintiff filed: (1) a "Motion to Substitute Parties and File Complaint Instanter" (Doc. 51) and (2) an amended complaint that differs materially from the amended complaint previously approved by the court for filing (Doc. 52). Specifically, the recently amended complaint: (1) drops any claims against Tammy Risley, Roger Brooks,

---

[2] The subjects of (1) plaintiff's wrongful death claim, (2) the date of plaintiff's incarceration, and (3) expert witness disclosures were discussed during a November 30, 2006 status conference. The court established a December 29, 2006 deadline for plaintiff to move to amend her complaint.

[3] Defendants did not oppose plaintiff's proposal to withdraw the wrongful death claim or to correct the date of her incarceration.

[4] Defendants' motion to dismiss was deemed moot because of the amended complaint.

[5] D. Kan. Rule 15.1 requires that the proposed amended complaint be attached to the motion to amend and filed within 10 days of the order granting the motion.

and Penny Morgan, (2) adds Sarah Rees as a defendant, (3) adds factual matters, and (4) changes at least one legal theory.[6]

In support of her motion, plaintiff alleges that depositions recently taken suggest that "Tammy Risley, Roger Brooks, and Penny Morgan are not necessary parties to the lawsuit" and that "plaintiff cannot make a good faith argument as to why any of those three individuals should be named in the lawsuit." Doc.51, p. 2. Plaintiff also argues that the recent depositions support a claim against Sarah Rees. Defendants do not object to the deletion of claims against Risley, Brooks and Morgan but oppose the addition of Sarah Rees because of futility and lack of notice.

As a preliminary matter, plaintiff's motion "to substitute parties" is procedurally inappropriate and fails to comply with the federal rules of civil procedure. Equally important, the motion is untimely. At best, the deadline for plaintiff to move to amend her complaint or add parties expired December 29, 2006. Although plaintiff asserts that recent deposition testimony supports her request to add Sarah Rees as a new defendant, review of the testimony fails to reveal any grounds for belatedly asserting a claim against Rees.[7] Accordingly, plaintiff's motion "to substitute parties" shall be DENIED.

---

[6] The additional factual matters relate to Ms. Rees and the third amended complaint now alleges that plaintiff's "right to choose how her pregnancy would, could , or should have been terminated if the termination of the pregnancy was inevitable as guaranteed by the Due Process Clause and Equal Protection Clause of the U.S. Constitution."

[7] Plaintiff attached deposition testimony to her motion. Doc. 52, exhibits 1 and 2. The assertions in plaintiff's motion misstate the deposition testimony.

Plaintiff's request to "file complaint instanter" is also DENIED. The third amended complaint filed with the court (Doc. 52) is materially different from the complaint previously approved by the court for filing.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Substitute Party and File Complaint Instanter" **(Doc. 51)** is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk of the court shall strike **Doc. 52** from the docket. Plaintiff shall file her third amended complaint, consistent with the court's February 21, 2007 Memorandum and Order on or before **March 29, 2007.**[8]

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. As noted in this opinion, the standards governing motions to reconsider are well established. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

---

[8] Because plaintiff states that she no longer wishes to name Tammy Risley, Roger Brooks, and Penny Morgan as defendants, allegations concerning those individuals shall be deleted from the third amended complaint.

-5-

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 22nd day of March 2007.

                                                   S/ Karen M. Humphreys
                                                   _____
                                                   KAREN M. HUMPHREYS
                                                 United States Magistrate Judge