IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAULETTE BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-1089-WEB |
| ) | |
| LYON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### Memorandum and Order

This matter is before the court on plaintiff's "Motion to Strike Expert Report or in the Alternative for a *Daubert* Hearing." Doc. 39. The motion alleges that the Rule 26(a)(2)(B) disclosure and report of the defendants' designated expert witness, Bruce M. Bammel, M.D., "fails to comply with *Daubert* standards and Rule 702." *Id*. at 1. Plaintiff therefore asks the court to "strike the expert's report or in the alternative set a *Daubert* hearing." *Id*. Plaintiff has also filed a motion to extend the deadline for deposing Dr. Bammel until seven days after the court rules on the foregoing motion. Doc. 66.

Plaintiff has shown no grounds to strike the expert report. As for a *Daubert* hearing, "[i]t is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert*." *Goebel v. Denver & Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137  (1999) ("The trial court must have [discretionary] latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability....").

The court finds that plaintiff's request for a *Daubert* hearing is premature. This court does

not ordinarily determine whether a *Daubert* hearing is appropriate until after discovery is completed and the evidence in support of the claims has been identified. Discovery will often illuminate the basis for an expert's opinion and may eliminate the need for any *Daubert* hearing altogether. After reviewing the issues raised by the motion in this instance, the court sees no reason to deviate from its normal procedure. Among other things, the court notes that plaintiff is challenging the ability of a board-certified Obstetrician-Gynecologist with 25 years' experience in practice and/or teaching in this field to express an opinion about whether plaintiff suffered "severe harm including the dangerous loss of blood" at the time of her miscarriage. *See* Doc. 60, Third Amended Complaint ¶ 16. As the defendants point out, Dr. Bammel's opinion about such matters is not "out on the frontiers of science" but appears to be well within the competence of a practicing physician in this field. *Cf. Tingey v. Radionics*, 193 Fed.Appx. 747, 769 (10th Cir. 2006) (the doctor's training and experience "placed his report and testimony well above the Rule 702/ *Daubert* bar." ) [citation omitted]. At any rate, the court concludes that the appropriate course is to complete discovery, including any deposition of Dr. Bammel, prior to any determination of the need for a *Daubert* hearing.

*Conclusion*.

Plaintiff's Motion to Strike Expert Report (Doc. 39) is DENIED. Plaintiff's alternative request for a *Daubert* Hearing is DENIED as premature. IT IS SO ORDERED this __17th__ Day of April, 2007, at Wichita, Ks.

> s/Wesley E. Brown
> Wesley E. Brown
> U.S. Senior District Judge